UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| SOPHIA Q. CHAN, | No. C 10-04348 MEJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| JOAQUIN SALAS, | (Dkt. No. 4) |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Defendant Joaquin Salas' ("Defendant") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) for failure to state a claim and lack of subject matter jurisdiction, filed October 4, 2010. Dkt. No. 4. Despite having been granted multiple opportunities to oppose Defendant's motion, Plaintiff Sophia Chan ("Plaintiff") has failed to file any opposition. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and VACATES the July 14, 2011 hearing. For the reasons set forth below, the Court GRANTS Defendant's motion.

## II. BACKGROUND

The following background is taken from Plaintiff's Complaint and documents attached thereto.[1] Not. of Removal, Dkt. No. 1. Plaintiff is a management program analyst with the United States Marshals Service. Defendant is the Chief Deputy United States Marshal for the Northern

---

[1] As Plaintiff's Complaint has no page numbers, citations herein shall be to the Notice of Removal.

District of California. Not. of Removal at 13-14. Both Plaintiff and Defendant work at the same office of the United States Marshals Service, at 450 Golden Gate Avenue, in San Francisco, California. *Id.* at 8.

On September 20, 2010, Plaintiff filed a Request for Orders to Stop Harassment (Civil Harassment) (the "Request") in the San Francisco Superior Court against Defendant. *Id.* at 9-11. In her Request, Plaintiff alleged that Defendant "has raised his voice (bully)" and "raised his hand pounding the copier machines," and that "when he raised his hand seems like he is hitting me." *Id.* at 10. Plaintiff asked the Superior Court to order that Defendant stay at least 100 yards away from her home, workplace, and vehicle, and that he stay away from four other co-workers. *Id.* at 9-10. Plaintiff brought her claims under California Code of Civil Procedure sections 527.6 and 527.9.[2]

---

[2] California Code of Civil Procedure § 527.6 provides, in relevant portion:
(a)  A person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an injunction prohibiting harassment as provided in this section.
(b)  For the purposes of this section, "harassment" is unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the plaintiff.
As used in this subdivision:
(1)  "Unlawful violence" is any assault or battery, or stalking as prohibited in Section 646.9 of the Penal Code, but shall not include lawful acts of self-defense or defense of others.
(2)  "Credible threat of violence" is a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose.
(3)  "Course of conduct" is a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, fax, or computer e-mail. Constitutionally protected activity is not included within the meaning of "course of conduct."

California Code of Civil Procedure § 527.9 provides that "[a] person subject to a

1    With her Request, Plaintiff filed an attachment, prefaced with the statement "[m]y complaint
2 of discrimination includes as of following," in which she alleges that she has been discriminated
3 against and subjected to a hostile work environment by Defendant because of her race, age and
4 disabilities (partial blindness and "retardation"), and that Defendant has retaliated against her for
5 engaging in protected activity. *Id.* at 13-14. Specifically, Plaintiff alleges that "some people" who
6 work for Defendant have been unfriendly toward her, that Defendant has used a bullying and
7 demanding tone with her, raised his hands toward her, and insulted her in front of other co-workers.
8 *Id.*

9    On September 20, 2010, the Superior Court scheduled a hearing on Plaintiff's Request for
10 October 6, 2010, and issued a temporary restraining order against Defendant, ordering that he stay
11 at least 50 yards away from Plaintiff and her workplace, car and home. *Id.* at 4-7.

12    On September 27, 2010, Defendant removed the matter to this Court. Dkt. No. 1. On
13 October 4, 2010, Defendant filed the present motion to dismiss, with a noticed hearing date of
14 November 18, 2010. Dkt. No. 4. However, on November 17, 2010, Plaintiff filed a request to
15 postpone her case until she was able to recover from a surgery scheduled to take place on November
16 23, 2010. Dkt. No. 13. The Court granted Plaintiff's request, but noted that she did not provide a
17 date by which her recovery would be complete, and therefore ordered Plaintiff to file an opposition
18 to Defendant's motion by March 17, 2011. Dkt. No. 14.

19    On March 15, 2011, Plaintiff filed a document in which she stated that she was still
20 recovering from surgery and requested a further continuance of her case. Dkt. No. 15. However,
21 Plaintiff once again provided no information regarding the type of surgery she underwent or the
22 anticipated length of her recovery. Accordingly, the Court ordered Plaintiff to provide a letter from
23 the doctor that performed her surgery, including information regarding (1) the type of surgery
24 Plaintiff underwent, (2) the normal recovery period expected after such a surgery, (3) the anticipated
25 length of Plaintiff's further recovery, and (4) when the doctor expected that Plaintiff would be able

---

temporary restraining order or injunction issued pursuant to Section 527.6 or 527.8 of the Code of Civil Procedure . . . shall relinquish the firearm pursuant to this section."

to resume prosecuting her case. Dkt. No. 17.

On April 7, 2011, as Plaintiff failed to provide a letter from her doctor, the Court ordered her to show cause why this case should not be dismissed for failure to prosecute. The Court ordered Plaintiff to file a declaration by May 5, 2011, and scheduled a hearing on May 19, 2011. Dkt. No. 19.

Although Plaintiff did not file a declaration in response, she did appear at the May 19 hearing, at which time she said she "forgot" to bring the letter from her doctor, but she intended to proceed with the case. Plaintiff subsequently filed a letter from her doctor, which states that she was able to return to work as of April 23, 2011. Dkt. No. 22. Based on Plaintiff's stated intention, the Court discharged the order to show cause and re-calendared Defendant's motion for a hearing on July 14, 2011. Dkt. No. 21. The Court ordered Plaintiff to file any opposition to Defendant's motion by June 9, 2011. Plaintiff, however, failed to file any opposition.

### III.   DISCUSSION

Defendant moves for dismissal of Plaintiff's action pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) for failure to state a claim and lack of subject matter jurisdiction. Defendant argues that, because the conduct alleged in Plaintiff's request for restraining order arises out of the employment context, her claims are precluded by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, *et seq.*, which are the exclusive judicial remedies for claims of discrimination by the federal government on the basis of race, age and disability, respectively.

**A.   Legal Standard**

1.   Rule 12(b)(6)

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

2. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss an action for lack of subject-matter jurisdiction. The plaintiff has the burden of establishing that jurisdiction exists. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). In determining whether it has subject matter jurisdiction, a court is not limited to the allegations of the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2001). Rather, the court is permitted to look beyond the complaint to extrinsic evidence, and need not assume the truth of the complaint's allegations. *Id.*

**B. Application to the Case at Bar**

In her Request, Plaintiff alleges that she has suffered workplace harassment and discrimination by Defendant, the Chief Deputy United States Marshal of Plaintiff's office, because of her race, age and disabilities. Although she brings her claims pursuant to California Code of Civil

5

Procedure sections 527.6 and 527.9, her Request is based on allegedly discriminatory employment actions by Defendant.

In claims stemming from alleged employment discrimination based on race by the federal government, Title VII expressly limits Plaintiff's remedies to those enumerated in the statute. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825 (1976); 42 U.S.C. § 2000e-16, 42 U.S.C. § 2000e-5(f)-(k). Title VII is the exclusive judicial remedy for claims of race discrimination in federal employment. *Id.*; *see also Boyd v. U.S. Postal Service*, 752 F.2d 410, 413-14 (9th Cir. 1985). Similarly, the ADEA is Plaintiff's exclusive remedy for her age discrimination claims, and the Rehabilitation Act is Plaintiff's exclusive remedy for her disability discrimination claims. *See Boyd*, 752 F.2d at 413-14 (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976)); *Vinieratos v. U.S. Dep't of the Air Force*, 939 F.2d 762, 773 (9th Cir. 1991) (holding that the Rehabilitation Act is the exclusive remedy for disability discrimination claims by federal employees); *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1056-57 (2009) (holding that the ADEA is the exclusive remedy for age discrimination claims by federal employees). Where a federal employee asserts a claim under Title VII, the ADEA or the Rehabilitation Act, that statute is exclusive of any other remedy against not only the federal government, but also against the individual federal employee alleged to have participated in the discrimination. *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916-17 (9th Cir. 1981).

Here, Plaintiff has attempted to assert an employment discrimination and hostile work environment claim through the California code provisions for obtaining an order to stop civil harassment, California Code of Civil Procedure sections 527.6 and 527.9. In her request, Plaintiff seeks a restraining order on the grounds that Defendant has raised his voice and angrily raised his hand to pound on the photocopier. Not. of Removal at 9-11. Plaintiff characterizes these acts as part of the basis for her "complaint of discrimination," and asserts that because of these alleged actions, she believes that she has been subjected to a "disparate treatment and a hostile work environment based on . . . [her] race, age . . . retardation," and partial blindness. *Id.* at 13-14. Accordingly, because her claims are based on discrimination in a federal workplace and a hostile

6

work environment, Plaintiff's state claim for a restraining order against Defendant is precluded by Title VII, the ADEA and Rehabilitation Act, and her claims must be dismissed.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127 (*quoting Cook*, 911 F.2d at 247). Here, the Court finds that Plaintiff's Complaint could not be cured because, even if her claims were brought under the Title VII, the ADEA, and the Rehabilitation Act, she has failed to exhaust her administrative remedies. "Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). For claims brought under the ADEA, an aggrieved individual must first exhaust her administrative remedies, which requires filing a charge with the EEOC detailing facts underlying the discrimination so that an investigation may begin. 42 U.S.C.A. § 2000e–5(b). To bring a claim pursuant to the Rehabilitation Act, "a claimant must exhaust her administrative remedies by filing a claim of discrimination with the allegedly offending agency in accordance with published procedures." *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997); *see also Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003). Accordingly, because Plaintiff has failed to show that she exhausted her administrative remedies, leave to amend cannot cure the deficiencies in Plaintiff's Complaint.

Further, to the extent Plaintiff's claim can be construed as a tort claim, it must be dismissed because there is no indication that she has exhausted her administrative remedies. The Federal Tort Claims Act ("FTCA") permits civil actions against the United States for certain torts allegedly committed by federal employees that would be torts under the law of the forum state. 28 U.S.C. § 1346(b)(1). However, absent a waiver, sovereign immunity shields the federal government, its agencies, and federal employees acting in their official capacity from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1992); *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001). The FTCA provides a limited waiver of sovereign immunity. 28 U.S.C. § 2675(a). A district court has no subject matter jurisdiction over an FTCA claim unless the plaintiff has first presented a claim to the appropriate

7

agency, and either (1) the claim was "finally denied" in writing, or (2) six months have passed since the claim was submitted. 28 U.S.C. § 2675(a). The claim requirement is jurisdictional in nature and cannot be waived. *McNeil v. United States*, 508 U.S. 106, 11-12 (1993); *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985). The plaintiff in an action seeking relief under the FTCA has the burden of pleading and proving that she complied with the FTCA's administrative claim presentment requirement. *Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980). Here, Plaintiff has not shown that she exhausted administrative remedies with respect to any potential tort claim; accordingly, the Court lacks subject matter jurisdiction.

## IV.   CONCLUSION

Based on the analysis above, the Court **GRANTS** Defendant's motion to dismiss **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: June 23, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SOPHIA Q. CHAN

        Plaintiff,

v.

JOAQUIN SALAS

        Defendant.

Case Number: 10-04348 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 23, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sophia Q. Chan
1468 Silver Avenue
San Francisco, CA 94134

Dated: June 23, 2011

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk

9